Judge Underwood
delivered the Opinion of the Court.
The proof, on the trial of this case of forcible detainer, was, that Elms entered as tenant under Randall; refused to restore the possession to him, and claimed to hold under a contract with Breckenridge, or under his permission to occupy. Under this proof, as Elms could not legally attorn to Breckenridge, there can be no doubt that the verdict and judgment were correct.
Elms, however, offered to prove, that Breckenridge had been long possessed of the premises, and had leased them to Gibbins for a term which had expired before the suing out of the warrant; that Gibbins had sold out his lease to Randall, who, after purchasing from Gibbins, set up a title in himself, independent of and adverse to that of Breckenridge. The court would not permit Elms to prove these facts, and he excepted, and now assigns for error, the rejection of the proof.
It ought to have been admitted. If Breckenridge leased to Gibbins, and if Randall came in under Gibbins, as purchaser of his term, then Randall was the subtenant of Breckenridge, and could not lawfully assert an independent title, so as to make his possession adverse to Breckenridge. If, in this state of case, Randall put Elms into possession for the residue of the term of Gibbins, or even after the term had expired, Elms would hold in the same manner that Randall, his lessor, held : to wit, under the title of Breckenridge; for Randall cannot change the nature of his possession, acquired under the contract with Gibbins, by transferring his possession to a tenant. Under this view, the possession of both Randall and Elms is the possession of Breckenridge. Now, if Breckenridge, after the expiration of *101 his lease to Gibbins, entered upon the land with the consent of Elms, and not by force, (Elms being at the time the occupant in fact,) and executed a new lease to him, Elms may continue to hold under that lease, and is not bound to restore the possession to Randall, and is, therefore, guilty of no wsong in holding over as against Randall. And if no new lease was executed, Elms is not bound to restore the possession to Randall, unless it appears that he positively stipulated to do so. In that event, he might be bound by his agreement to make restitution to Randall, provided Breckenridge did not acquire the actual possession before an attempt on the part of Randall to coerce restitution, But if Breckenridge took the actual possession, and retained it, or put another tenant upon the land, Randall could not gain the possession from Breckenridge, or his tenant, merely because he had, in the agreement with Elms, stipulated that he should restore the possession to him. The following case will illustrate the whole doctrine. A leases to B for four years. B enters, enjoys for one year, and then sells the residue of his term lo C, who, after entry, claims adversely to A, (which the law will not allow,) and leases to D, who is found in aetual possession when the lease to B expires. Now A is unquestionably entitled to the possession, and may have his Writ of forcible detainer against D, if he holds over. Suppose D yields the possession peaceably, and A takes possession himself, or puts E in possession as his tenant, can C regain the possession from A or E, because he required D to stipulate for its restoration to Iiim? Certainly not; because, in such a case, the statute has not been violated. A, or his tenant, enters peaceably, as they had a right to do, and the original lease having expired, and the paramount landlord having regained the possession, there can be no tortious holding over within the view of the statute. If the covenant of D to restore the possession to C, in such a case, is worth any thing, it must be compensated in damages. If the paramount landlord again puts D in possession, after the expiration of the lease to B, the condition of D is as good, notwithstanding his covenant to restore to C, as the condition of E would be. *102 C has no remedy under the statute to regain the possession. The paramount landlord’s original claim having expired, and the possession-thereafter being peaceably restored to him, effectually terminates the relations subsisting between his subtenants as it regards the possession of the land, and no one of them, under pretence of being the landlord of another, can complain that the paramount landlord has entered, or holds 'over against his will. It is not a case of disseizin on the part of the paramount landlorcb It is not like the case of Chiles vs. Stephens, 3 Marshall, 345, or the other cases cited.
The evidence offered was improperly excluded, be: cause it might have shewn such a state of facts as would have authorized the'jury to find for Elms.
Wherefore, the judgment is, reversed, with costs, and the cause remanded for a new trial.