judge Ewing
delivered the Opinion of the Court.
Randall prosecuted a writ of forcible detainer against Elms, and upon a trial in the Circuit Court, of a traverse of the verdict, found in the country, Randall proved that he had rented the land to Elms, for one month, which had expired, and he had refused to yield to him the pos- • , n i iiiiii session, upon the alleged ground, that he had subsequently rented the land from Breckinridge.
Elms proved that Breckinridge, being the claimant of the land in contest, “one Gibbons, some time before Randall’s lease to Elms, represented to Breckinridge, that he had no place on which to put his wife and children, and stated that he wanted to buy the land of him; Brackin' ridge agreed that he would sell the land to him, but that he could not fix the terms or price of sale, without going out to see it. But that he might go on the land and improve it, and when Breckinridge could get his business , . , , . . ,i,i , arranged, he would go out and pnce the land; but that Gibbons was not to sell his possession, and when he wanted t, !, ,. r , • ■ to go away, Breckinridge would pay him ior his improvements, and he icas to surrender the land to himand that Gibbons entered, and built the houses in contest.
Elms, also, proved a lease made by Breckinridge, to him, after he took possession under Randall; and that Randall, in the spring or summer of 1832, purchased of Gibbons his possession, knowing he held under Breckinridge, and put Elms in the house, and after he got possession *520 Randall said, he claimed and held under Law's pateiik Breckinridge claimed under Fleming’s patent.
The dourt, in substance, instructed the jury, that if they believed that Gibbons entered as Breckinridge’s tenant, the other facts proven‘being believed by them as true, the plaintiff Randall, could not recover. But if he entered under a parol contract-of purchase from Breckinridge, or under the expectation of becoming a purchaser Upon terms to be thereafter agreed upon, no matter what 'obligations rested upon Gibbons to restore the possession, he could recover.
We think the Court erred in the views thus expressed of the law.
Gibbons entered under Breckinridge, and whether he entered as tenant, or quasi tenant, by reason of his executory parole contract of purchase, or expectation of becoming a purchaser, he equally owed allegiance to Bréck1 inridge, and the relation which subsisted between them, in éither aspect of the case, was such as would estop him from denying his title, or setting up an adversary pos» session.
Had he-, regardless of his fidelity to his landlord oi 'quasi landlord, renounced his allegiance to him, and taken shelter under an adversary title; or had he violated any of the conditions or terms upon which he had been per* mitted to take the possession, by failing or refusing to. Surrender to hitó, and selling to another, Breckinridge’s right of entry upon him would have been completé, and he certainly could have successfully maintained his action of ejectment, and perhaps his forcible detainer, under the circumstances of this case, and turned him out of the possession.
Gibbons obtained the possession from Breckinridge, and was under obligations to restore it to him, as well by his express contract, as by the relations which subsistted between them; and if Breckinridge, under those circumstances, had obtained the possession peaceably, by his assent, he surely could not have successfully sus» tained the writ of forcible entry and detainer against him. Elm.s having obtained the possession from Randall, and Randall from Gibbons, each of them occupied *521 the sanie relation to Breckinridge that Gibbons did, owed equal allegiance to him, and were under the same obligations to restore to him the possession.
If, therefore, Elms was under an obligation to restore the possession to Breckinridge', and did voluntarily restore it to him, hé was guilty of no wrong, in legal cbntemplation, to Randall, upon whom rested an equal obligation to restore it. He has done that, in obedience to a prior and paramount allegiance which he owfed to Breckinridge, which Randall should have done. And if he has taken a lease from Breckinridge, his possession is how the possession of Breckinridge'; and if the law were now to permit Randall to oust him, it would be to sustain him in undoing that which Elms has rightfully done? and which he, Randall, should have done in obedience to the obligations which he owed to Breckinridge, as deriving his possession under Gibbons.
Wé, therefore, think that the principles settled by this Court, when this casewas formerly before it, 2 Dana, 101, when Gibbons, by the proof then before the Court, was treated as a tenant, are equally applicable to his condition as now established by the proof. He entered, as now pro* 'ven, by the grade and favor of Breckinridge, under the expectation that he might thereafter purchase, but undef no contract of purchase, parol or written, and with an obligation resting upon him to restore the possession to Breckinridge, and to no other. We can perceive no difference in the obligations which the law would place him under to Breckinridge, as well as those deriving the possession from him, entering as he did, and his and their ■obligations, if he had entered by express contract as tenant. And the principles then applied to the case, should now be applied to it. The instructions given and refused being in contravention of these views—
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted,