Submitted on briefs at Pendleton, October 29, affirmed December 27, 1923.

# HARNEY VALLEY IRRIGATION DISTRICT *v.* S. H. BOLTON.

(221 Pac. 171.)

**Waters and Watercourses—Jurisdiction to Determine Legality of Irrigation District Bond Issue.**

1. Jurisdiction to examine and adjudge as to the regularity and legality of the proceedings of an irrigation district to authorize the issue and the sale of bonds is acquired in view of the Confirmation Act of 1919, upon a petition being duly filed by notice of the proceedings being given by the direction of the judge of the Circuit Court, who fixes the time and place of the hearing, and the notice being signed by the clerk of the court.

**Courts—"Jurisdiction" Defined.**

2. Jurisdiction is the authority to hear and determine a legal controversy.

**Waters and Watercourses—Statutory Requirement That Practice in Determining Legality of Bond Issue shall Follow Equitable Procedure Does not Cover Process of Summoning Parties into Court.**

3. Laws of 1911, page 402, Section 33, providing that the proceedings to determine the legality of the issue and sale of the bonds of an irrigation district is in the nature of a proceeding *in rem*, and that the practice and procedure shall follow that of equity, does not cover the process of summoning the parties into court, in view of Section 30 of that act and Laws of 1919, page

694, Section 2, providing specially for the service of notice to all interested persons and parties.

**Waters and Watercourses—Land Owners Bound by Proceedings Under Irrigation Confirmation Act.**

4. Proceedings under the Irrigation Confirmation Act being *in rem*, the land owners affected are bound thereby, if there has been a due publication of the notice in accordance with the statute, notwithstanding there has been no personal service upon them.

From Harney: DALTON BIGGS, Judge.

AFFIRMED.

In Banc.

This is a special proceeding under the Irrigation "Confirmation Act," involving the legality of the issue and sale of bonds of the Harney Valley Irrigation District in the amount of $2,200,000.

On August 14, 1922, the board of directors of the Harney Valley Irrigation District commenced proceedings in the Circuit Court of the State of Oregon for Harney County, to determine the legality of the proceedings providing for and authorizing the issue and sale of bonds of the district. After the institution of this proceeding in the circuit court, the plaintiff filed the following written motion (omitting title):

"Comes now * * the petitioner in the above entitled special proceeding, by Charles W. Ellis, its attorney, and shows to the court that the said petition was filed with the clerk of the above entitled court on the 14th day of August, 1922; that in accordance with law a notice should be directed issued for publication, notifying the said district, and all freeholders, legal voters and assessment payers therein, of the pendency of the said petition and proceeding, and to the end of obtaining service of such notice as by law provided the court should designate a newspaper of general circulation published in Harney County, Oregon, as the newspaper in which such publication shall be had; and, further, also designate and set a time or period for such publication of at least once a week, for three successive weeks; that petitioner suggests that publication be ordered in

'Times-Herald,' a weekly newspaper of general circulation printed and published in Burns, Harney County, Oregon, and for a period of three successive weeks, and that the first publication be had therein in the issue of August 19, 1922; petitioner further asks that the court in its order hereon designate substantially the form of the notice to be published, as well as the time and place of hearing on said petition, etc.''

On August 15, 1922, Honorable DALTON BIGGS, Circuit Judge, made an order that was duly filed and entered in the circuit court for Harney County, Oregon, on the seventeenth day of August, 1922, ordering the publication of notice to the Harney Valley Irrigation District, and to all freeholders, assessment payers and legal voters therein, of the pendency of the petition and proceedings herein, in a weekly newspaper of general circulation printed and published in Burns, Harney County, Oregon, known as "Times-Herald," which newspaper was selected as the one most likely to give notice of the proceedings to all persons and parties interested therein. The court ordered that the notice be published in such newspaper for a period of three successive weeks, in four issues, and that the first publication of the notice be had in the issue of August 19, 1922. The date of hearing was fixed in the order for the twenty-sixth day of September, 1922, at 1:30 P. M., and the circuit court room of the county courthouse in Burns, Harney County, Oregon, as the place of the hearing of the proceedings. There was attached to the order, as a part thereof, the form of notice to be published, which form was entitled, "In the Circuit Court for Harney County, Oregon," and was directed to the Harney Valley Irrigation District of and in Harney County, Oregon, and to all freeholders, legal voters, and assessment payers within that district. It notified them of the confirma-

tory proceedings pending in the circuit court in the matter of the issue and sale of the bonds of the Harney Valley Irrigation District in an amount not to exceed $2,200,000, as authorized by the election held in the district on the eighteenth day of October, 1921. The notice advised them of the petition herein praying that the proceedings for the authorization of the issue and the sale of the bonds might be examined, approved and confirmed; that the proceedings had been instituted by the filing of the petition in that court on August 14, 1922, and that the court had fixed the time and place as above noted; that Honorable DALTON BIGGS, Circuit Judge, had ordered the notice served on all persons and parties concerned, by publication in the newspaper, for and at the times above set out; that jurisdiction in the premises should be completed within ten days after the full publication of the notice, as ordered, and that any person or party interested might, at any time before the expiration of the ten days, appear and contest the validity of the proceeding, or any of the acts or things therein enumerated or covered by the petition.

The notice was published in the form designated by order of the circuit judge and, as issued for publication, was signed by Charles E. Dillman, clerk of the circuit court for Harney County, Oregon, who affixed the seal of that court and the date of issuance. Thereafter, there was filed in the circuit court for Harney County the original notice for publication, as above described, together with the proof of publication thereof, as ordered by the court. On motion of the petitioner, the hearing of the cause was continued on account of the absence of the court reporter.

On the twenty-ninth day of September, 1922, S. N. Bolton appeared in the above-named cause, and, al-

leging that he was a freeholder, legal voter and assessment payer residing and owning lands within the boundaries of Harney Valley Irrigation District, which lands would be subject to any lien existing by reason of the issuance and sale of the bonds involved in the proceedings herein, filed an answer denying generally each and every allegation contained in plaintiff's petition.

Testimony in the cause having been taken in support of all material averments of the complaint, the court made findings of fact and deduced conclusions of law therefrom, and made and entered a decree in which it was ordered, adjudged and decreed:

"that the special bond election held by and in the petitioning Harney Valley Irrigation District of and in Harney County, Oregon, on the 18th day of October, 1921, was in all ways lawfully, regularly and legally called, held and conducted, and that the votes cast thereat were both lawfully, regularly and legally counted and canvassed, and that the result of the said election and canvass was regularly and legally declared and entered; that at said election as by law provided the said Harney Valley Irrigation District was authorized to issue and sell its bonds in an amount not to exceed the sum of $2,200,-000.00 for the purpose of constructing the works and development provided and called for in the definite plan of irrigation and reclamation theretofore decided upon by the board of directors of said district, and which bonds, when issued and sold in accordance with law, shall be of the binding force and security as well as the obligation intended and contemplated by the laws of the state of Oregon in such cases provided for; that the board of directors of said Harney Valley Irrigation District shall issue and sell in accordance with law and in its or their judgment necessary or expedient, the said bonds as authorized under the proceedings confirmed in this cause and proceeding.

"Done at Chambers in Malheur County, Oregon, this 14th day of March, 1923."

Thereafter, the defendant Bolton appealed to this court.                                              AFFIRMED.

For appellant there was a brief over the name of *Messrs. McCulloch & Duncan.*

For respondent there was a brief over the name of *Mr. Charles W. Ellis.*

BROWN, J.—The Harney Valley Irrigation District is a lawfully organized irrigation district, duly organized and existing under Chapter 357, General Laws of Oregon, 1917, and acts amendatory thereto. A proceeding duly instituted to test the validity of the  organization of the district under the "Confirmation Act" is reported as *Harney Valley Irr. Dist.* v. *Weittenhiller* and appears in 101 Or. 1 (198 Pac. 1093).

1, 2. A question presented to the appellate court is that of the jurisdiction of the circuit court judicially to examine and adjudge as to the regularity and legality of all the proceedings of the Harney Valley Irrigation District providing for and authorizing the issue and sale of the bonds of that district. This is the reason that we have set forth at such length in our statement the service of process.

"Jurisdiction" is defined as the authority to hear and determine a legal controversy: *Sprague* v. *Astoria,* 106 Or. 253 (204 Pac. 956, 206 Pac. 849).

The object of the confirmation proceeding is to require every owner of real property in the district to come into court and, within the time limited, to appear, present and submit to judicial investigation

any and all objections he may have to the regularity of the election for bonding the district, so that it may be finally and conclusively determined by judgment whether he or his successors in interest can thereafter question the legality of such bonds: *Modesto Irr. Dist.* v. *Tregea,* 88 Cal. 334 (26 Pac. 237); 164 U. S. 179 (41 L. Ed. 395, 17 Sup. Ct. Rep. 52, see, also, Rose's U. S. Notes).

3. It will be seen that a confirmation proceeding is in the nature of a proceeding *in rem* and that the practice and procedure shall follow the practice and procedure of suits in equity, in so far as the same shall be consistent with the judgment sought to be obtained. Such is the law as provided in the Confirmation Act of 1911, as well as in the act of 1919.

The defendants suggest that the notice should not have been signed by the clerk of the court because of the above provision relating to the practice in proceedings of this character. In suits in equity the summons is signed by the parties plaintiff. However, this is not a suit in equity, nor a proceeding under Section 7360, Or. L., where the term "summons" is used, but it is a proceeding instituted by the board of directors, and jurisdiction is obtained by a notice published by the direction of the court.

In the original act it was specially provided, as is seen by the section of the statute hereinafter quoted, that the court shall fix a time for the hearing of the petition and shall order the clerk of the court to give and publish a notice of the filing of such pleading. Notwithstanding this particular provision has been omitted from the act of 1919, a careful examination of the act will disclose that there is no intention to change the manner of acquiring jurisdiction. The judge of the court fixes the time of the hearing, based

upon a petition duly filed. While some of the language of Section 30, Chapter 223, Laws of 1911, relating to the details of the notice, has been omitted by the revision of that section appearing in Chapter 390, Laws of 1919, it is the intention of the Confirmation Act that the notice of the proceedings should be given by direction of the judge of the circuit court, who shall fix the time and place of the hearing, and that such notice should be signed by the clerk of the court. This has been the practical construction placed upon the amended section throughout the state.

4. In 1911, our legislative assembly adopted as a part of the irrigation law of this state the Confirmation Act of California. See Chapter 223, Gen. Laws of Oregon, 1911. At Section 33 of that act it is provided that:

"Said proceeding shall be a proceeding in the nature of a proceeding *in rem,* and the practice and procedure therein shall follow the practice and procedure of suits in equity, so far as the same shall be consistent with the determination sought to be obtained, except as herein provided."

This provision has been retained in two subsequent amendments of the act. Its meaning has not been enlarged. It was not intended to cover the process of summoning the parties into court. The act specially provided for the service of notice to all interested persons and parties. Section 30 of the act provided the following method of acquiring jurisdiction:

"The court shall fix the time for the hearing of said petition and shall order the clerk of the court to give and publish a notice of the filing of said petition. The notice shall be given and published for three successive weeks in a newspaper published

in the county where the office of the district is situated.''

The purpose of the notice remains the same.

''The jurisdiction of the said irrigation district, or drainage district, of each and all of the freeholders, assessment payers, and legal voters therein shall be obtained by the publication of notice directed to said district, and to 'all freeholders, legal voters and assessment payers within said district.' * * Such notice shall be served on all parties in interest, by publication thereof for at least once a week, for three successive weeks, in some newspaper of general circulation published in the county where said proceeding is pending and jurisdiction shall be complete within ten days after the full publication of said notice as herein provided.'' Section 2, Chap. 390, Gen. Laws 1919.

The general rule is thus stated in 3 Kinney on Irrigation and Water Rights, page 2562:

''When such an action is brought, the court must fix the time for the hearing, and a notice of the same must be published in accordance with the statute. Such notice shall state the time and place fixed for the hearing and the prayer of the petitioners, and that any person interested in the organization of such district, or in the proceedings for the issue and sale of the bonds, may, on or before the day fixed for the hearing of said petition, demur or answer the said petition. These confirmation proceedings being *in rem,* the land owners are bound thereby if there has been a due publication of the notice thereof in accordance with the terms of the statute, notwithstanding there has been no personal service upon them.''

From the briefs and abstract, this appears to be a friendly suit, carried on for the purpose of securing the judicial examination and judgment of this court as to the regularity of the proceedings in the authori-

zation and issuance of bonds of the Harney Valley Irrigation District in a sum not exceeding $2,200,000, in order to facilitate their sale. Notwithstanding that the suit is amicable, we have given the allegations of the petition, the proceedings relating to the securing of jurisdiction, the answer, the evidence offered in support of the allegations of the petition, the findings of fact, the conclusions of law and the decree, our most careful attention and consideration, and must agree with the lower court: *Medford Irr. Dist.* v. *Hill,* 96 Or. 649 (190 Pac. 957).

Speaking of the "Confirmation Act" in *Twohy Bros. Co.* v. *Ochoco Irr. Dist.,* 108 Or. 1 (210 Pac. 873), we quoted the following from 3 Kinney on Irrigation and Water Rights (2 ed.), pages 2561, 2562:

"The objects of these provisions are to provide a security for investors, prevent fraud, and to promote the advantage of the irrigation districts by enabling them to secure a decree as to the validity of issued bonds, which will be binding upon all the world. * * The confirmation proceeding is denominated in the acts as a special proceeding, and it is clearly in the nature of an action *in rem,* the object being to determine the status of the district and its power to issue valid bonds."

This cause is affirmed.                    AFFIRMED.