Submitted on motion to dismiss November 10; appeal dismissed December 6, 1932

## STATE *v.* VINCENT ET AL.

(16 P. (2d) 636)

*Vinton & Marsh,* of McMinnville, for the motion.

*Earl A. Nott,* District Attorney, of McMinnville, and *A. G. Barry,* of Portland, for the State.

BEAN, C. J. Counsel for respondents move to dismiss this appeal for the reason that the transcript on appeal was not filed in this court within the time provided by law.

On June 28, 1932, the circuit court rendered and entered a judgment in this action in favor of the defendants and against the plaintiff. On August 19, 1932, the plaintiff duly served and filed notice of appeal to this court. As the thirty-day period would end on Sunday, the next day, September 19, would be within

the computation. On September 22, 1932, plaintiff filed its transcript on appeal in this court.

Section 7-507, Oregon Code 1930, provides:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal together with a copy of the judgment or decree appealed from, the notice of appeal, and proof of service thereof, and of the undertaking on appeal;   *   *   *"

In ordinary cases where parties are required to give an undertaking on appeal, section 7-503, subd. 2, provides:

"Within ten days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided, and within said ten days shall file the original of said undertaking, with proof of service indorsed thereon with said clerk. Within five days after the service of said undertaking the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto."

Subdivision 4 of that section provides: "From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. *   *   *"

Section 7-504 provides for the undertaking on appeal. Where the State of Oregon is appellant section 7-619 provides as follows: "*   *   * that the state shall not be required to furnish any bond or undertaking upon appeal or otherwise in any such action or proceeding."

This was the enactment of 1899. Therefore, it plainly appears from the statute that all that is necessary for the state to do in order to take an appeal prior to the filing of the transcript of appeal is to serve notice of appeal. The state not being required to file any undertaking, it would be a matter of fiction for time to be allowed for such an act. The same may be said in regard to the time for taking exceptions to an undertaking. There would be no time required for justification of sureties because there are no such sureties for the state.

■ We think, when the notice of appeal was served and filed, that constituted the only step necessary for the state to perfect an appeal, and that the time for filing the transcript would commence to run from the time of such filing, and ended on September 19, 1932.

While, as stated, the statute absolving the state from the necessity of filing an undertaking upon appeal was enacted in 1899, as far as we observe this question has not been before the court prior to this time.

There are but few, if any, decisions that are in point. We read the general rule in 3 C. J., p. 1064, § 1073:

"An appeal or proceeding in error is to be deemed taken and perfected within the statutes of limitation when the conditions precedent in the statute prescribing the steps for taking and perfecting the same have been complied with, and not until then, and, therefore, whether it has been taken and perfected within the time limited depends upon the terms of the statute."

We must look entirely to our statute to determine what is necessary for a party to do to perfect an appeal prior to the time of filing the transcript on appeal. The nearest approach of any opinion upon

the question that we find is in the case of *Irwin v. Klamath County*, 110 Or. 374 (210 P. 159, 223 P. 736). There the respondent moved to dismiss the appeal from the judgment for the reason that it was unnecessary for the county to file an undertaking on appeal under section 554, Oregon Laws (§ 7-507, Oregon Code 1930). Respondent contended that the transcript of the record should have been filed within thirty days following July 26, 1922, the date the notice of appeal was filed, for the reason that appellant, being one of the counties of the state and the action being a money demand against the county, the State of Oregon was an interested party and the undertaking on apeal was useless. The court held in that case that the state was not an interested party and the county had to give a bond; therefore, the transcript was filed in due time.

There may perhaps be an implication that the appeal would have been perfected upon the filing of the notice of appeal if no undertaking had been required.

In 3 C. J., p. 1106, § 1140, we find the following language:

"Unless required by statute or valid rule of court, or by order of the court in cases in which the court has power to prescribe such terms, an appeal bond, recognizance, or undertaking is not a necessary step in taking or perfecting an appeal, or for obtaining or suing out a writ of error."

8 Bancroft, Code Practice and Remedies, p. 8566, § 6496, lays down the principle as follows:

"The point at which an appeal may be said to be perfected depends upon the statutes prescribing what is necessary to perfect an appeal. An appeal cannot be said to be perfected until the taking of all the steps which are regarded as jurisdictional, including the filing or service of an undertaking, if one is required, and the justification of sureties, if their sufficiency is

excepted to. * * * And where no undertaking is required, as in the case now in California, the filing of a sufficient notice within the prescribed time, perfects the appeal. Jurisdiction is not acquired by an appellate court before the completion of all the steps or acts which are essential to the perfection of an appeal or to enable the court to dispose of the appeal on its merits.''

The following cases showed the rule prevailing in California: *California Real Estate Exch. v. Sequoyah Hills Co.,* 75 Cal. App. 695 (243 P. 54); *People v. Jackson,* 190 Cal. 257 (212 P. 4, 5); *People v. Laine,* 177 Cal. 742 (171 P. 941, 942); *Conniff v. Superior Court,* 90 Cal. App. 169 (265 P. 555, 556).

2. The perfecting of the appeal transfers jurisdiction from the circuit court to the Supreme Court. If the appeal in the case at bar was not perfected at the time of the filing of the notice, then we fail to see how it could ever be perfected, for there is nothing left to be done except the filing of the transcript, which was required to be filed within thirty days from the perfecting of the appeal.

In *Dowell v. Bolt,* 45 Or. 89, 91 (75 P. 714), the court uses the following language:

''It is the giving of a notice in open court at the time the judgment, decree or order is made, and the entering thereof in the journal by order of the court or judge, or the serving and filing of a notice of appeal within the time and according to the manner prescribed, that confers jurisdiction on the appellate court, and constitutes the taking of an appeal, the strict performance of which cannot be waived by the parties, nor excused by the court.''

In *Inspiration Consolidated Copper Co. v. Mendez,* 19 Ariz. 151 (166 P. 278, 280), we find the following:

''The appeal is perfected on the date when both the notice of appeal has been given and the appeal bond, or affidavit in lieu thereof, has been filed, or the date

upon which the notice of appeal is given in cases in which no appeal bond is required.''

If, in the present case where no undertaking on appeal is required, we attempt to fix the time of perfecting the appeal, as prescribed in section 7-503, as contended by appellant, we cannot see that a definite time could be fixed. The undertaking on appeal must be filed within ten days after notice is served. We cannot conclude that it would be filed on the tenth day as it might be filed on any earlier date, say the fourth day. We cannot fix the time of perfecting the appeal upon the expiration of five days after the filing of the undertaking when no exceptions were filed, as it cannot be determined when such exceptions would ordinarily be filed, and the same may be said in regard to the justification of the sureties. By following the statute, section 7-503, the time for filing the transcript can be definitely ascertained from the steps that are actually taken. In no other way can such time be definitely fixed under that section. The only statutory guide we have is that all of the steps necessary were taken and the appeal was perfected upon the service and filing of the notice of appeal.

It is contended on behalf of the appellant that section 7-619, Oregon Code 1930, does not prohibit the state from filing a bond and that it would have been perfectly proper for the state to have filed a bond in this case, and the fact that it did not do so is immaterial. Such an act of filing an undertaking would have been a vain thing, which the law does not require.

Our view in regard to the motion to dismiss renders it unnecesary for us to consider the motion to amend the transcript filed by the appellant.

It follows that the motion to dismiss the appeal must be allowed. It is so ordered.