Argued November 8; affirmed December 17, 1935; rehearing
denied January 14, 1936

# STATE *v.* VINCENT ET AL.

(52 P. (2d) 203)

*W. T. Vinton* and *Elliott B. Cummins,* both of McMinnville (Vinton, Marsh & Marsh, of McMinnville, on the brief), for appellants.

*Roy F. Shields,* of Portland (Earl A. Nott, of McMinnville, and A. G. Barry, of Portland, on the brief), for the state.

KELLY, J. On February 17, 1930, John Whalen died. On February 18, 1930, defendants, John W. Vincent and Susan E. Brentano filed a petition in the county court of Yamhill county, Oregon, for the appointment of said defendant, Susan E. Brentano, as administratrix of the estate of said John Whalen, deceased. In said petition, it was stated, among other things, that defendant, Susan E. Brentano, was a niece, and defendants, John W. Vincent and James M. Vincent were nephews of said John Whalen, deceased, and his only heirs at law. Based upon said petition, said county court entered an order appointing said defendant, Susan E. Brentano, as such administratrix.

On August 30, 1930, said defendant Susan E. Brentano, filed her final account, wherein, among other things, it was stated that said Susan E. Brentano and John W. and James M. Vincent were the only heirs at law of said John Whalen, deceased.

On October 4, 1930, said county court entered an order approving said final account, which said order contained a recital that said Susan E. Brentano, John W. Vincent and James M. Vincent were the only heirs at law of said John Whalen, deceased, and directed the distribution of his estate among them.

On August 5, 1931, the state of Oregon, instituted an action at law in the circuit court for Yamhill county, to escheat the property of said John Whalen to the state of Oregon, it being charged therein that said Susan E. Brentano was not a niece and that said John W. Vincent and James M. Vincent were not nephews of said John Whalen, deceased, and that none of said three defendants sustained any kinship whatever to said deceased; and it being further charged therein that said deceased left no heirs or heir whatever surviving him.

Said Susan Brentano and said John W. and James M. Vincent filed an answer in said escheat action wherein they set out the proceedings in the probate court hereinabove reviewed and pleaded the final order of October 4, 1930, as res adjudicata on the question of heirship. To this plea the state demurred. On May 25, 1932, the trial court overruled the demurrer and held that the order of October 4, 1930, until reversed or set aside, was conclusive upon the state and amounted to an adjudication that John Whalen died leaving said Susan E. Brentano and her said brothers, John W. and James M. Vincent, as his heirs.

The state elected not to plead further in that case and on June 28, 1933, the court entered an order directing that the action be dismissed with prejudice. The state undertook to appeal to this court from said order of dismissal, but failed seasonably to file a transcript on appeal and said appeal was therefore dismissed. (*State v. Vincent,* 141 Or. 107 (16 P. (2d) 636.) )

On January 30, 1933, a judgment upon this court's mandate was entered by the circuit court.

On June 22, 1933, the state filed a motion in the escheat case to reopen the case and permit the plaintiff to file a reply attacking the validity of the county court order of October 4, 1930. There never was any hearing upon this motion.

On October 14, 1933, the present suit in equity was instituted, for the purpose of setting aside the order of October 4, 1930, made and entered by the county court and to declare that the property of said estate belongs to the state. The ground upon which plaintiff bases its right for such relief is that said order of October 4, 1930, was procured by fraud and without notice to the state of Oregon.

Said Vincents and Susan E. Brentano, in resisting plaintiff's suit have pleaded in bar, (1) said order of October 4, 1930, (2) the order of the circuit court of May 25, 1932, overruling said demurrer, (3) the order of said circuit court of June 28, 1933, dismissing said escheat action, (4) the motion filed by the state to set aside the order of June 28, 1933, and (5), the judgment on the mandate of this court entered by the circuit court on January 30, 1933.

It is urged by appealing defendants that grounds for equitable relief against the probate order of October 4, 1930, are not shown by this record; that the judgment in the escheat action is a bar to this suit in equity; and that plaintiff has been guilty of laches.

██ As we understand the argument of appealing defendants, it does not challenge the right of a party adversely affected by an order of distribution in an estate of a decedent to institute and maintain a suit in equity based upon extrinsic fraud to set aside such order of distribution; but their contention here is, that no extrinsic fraud has been shown to exist such as would warrant the setting aside of the probate court's order of distribution. We can not concur in this view. It seems to be generally held that the fraudulent concealment of facts, which would have caused the judgment or decree not to have been rendered, will constitute extrinsic fraud sufficient to authorize the court, upon the discovery of the fraud, or when such fraud is called to the attention of the court, to vacate such judgment or decree: *Paul v. Paul,* 41 S. D. 383 (170 N. W. 658). In that case, the divorced wife, of deceased, was appointed administratrix upon a petition alleging that she was deceased's widow. In point of fact, the petitioner was not the widow of deceased. She had been

divorced from deceased and at the time deceased died, she was the wife of another man.

The case of *Sohler v. Sohler,* 135 Cal. 323 (67 P. 282, 87 Am. St. Rep. 98), is there cited. In the Sohler case, the mother of certain children conspired to procure a portion of the estate of her lately deceased husband for another child of a former husband, representing that said other child was an heir of her late husband. This was held to be extrinsic fraud and concealment of the fact that this other child was not an heir.

In *Weyant v. Utah Savings & Trust Co.,* 54 Utah 181 (182 P. 189, 9 A. L. R. 1119), a husband abandoned his lawful wife, eloped with another woman and lived under a fictitious name until his death, when his paramour secured appointment as administratrix and probated his estate in said fictitious name under representation that she was his wife, and thereby secured his property unknown to his wife and children. It was held that a court of equity had jurisdiction to grant relief, by opening the probate proceedings for the purpose of charging administratrix on her bond in view of Const. Art. I, § 11 and Art. 8 §§ 7 and 9, the fraud practiced by administratrix being "extrinsic fraud".

In the case at bar, Susan E. Brentano was not related by consanguinity or affinity to deceased. Neither was James M. Vincent nor John W. Vincent. Under the foregoing authorities, the concealment of the fact of the entire lack of any relationship to deceased, is extrinsic fraud.

■ We are not unmindful that there are numerous decisions, denying equitable relief against judgments resting upon false and perjured evidence, in which it is broadly stated that a court of equity will not interfere in such a case. A note citing many cases on this

point will be found in Vol. 3, Ann. Cas. p. 83, et seq. In this note it is stated that the leading case in the United States, supporting the above rule, is *United States v. Throckmorton,* 98 U. S. 61 (25 L. Ed. 93) ; and that the Throckmorton case is opposed by *Marshall v. Holmes,* 141 U. S. 589 (12 S. Ct. 62, 35 L. Ed. 870). The distinction made in this note between the doctrine of the Throckmorton case and that of the Marshall-Holmes case is that in the former the complainant did not make out a case for relief under the general rules of equity jurisprudence, which require a party, who seeks to vacate a former judgment, to show that he was prevented, without any fault or negligence in himself or his agents, from fully contesting the issues made. We think that the instant case is one wherein the plaintiff was so prevented from making such a contest in the probate court.

*Friese v. Hummel,* 26 Or. 145 (37 P. 458, 46 Am. St. Rep. 610), cited by defendants, is a case where facts were not alleged showing that plaintiff was free from negligence in meeting the issue upon which it is claimed defendant prevailed by reason of perjured testimony.

*Purdy v. Winters' Estate,* 79 Or. 614 (156 P. 285) ; *Stadelman v. Miner,* 83 Or. 348, 390 (155 P. 708, 163 P. 585, 163 P. 983), *Crabill v. Crabill,* 22 Or. 588 (30 P. 220), and *Morrill v. Morrill and Killen,* 20 Or. 96 (25 P. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95), are cases wherein former judgments were the subjects of collateral attack. *Hanna v. Alluvial Farm Co.,* 79 Or. 557 (152 P. 103, 156 P. 265), holds that a judgment in the nature of a judgment of nonsuit is not a bar to another action for the same cause. *Wallace v. Portland Ry. L. & P. Co.,* 88 Or. 219 (159 P. 974, 170 P. 283), also cited by defendants, declares the rule that perjury of a witness is not ground for setting aside a judgment.

In the instant case, we are not dealing with the perjury of any witness.

■ The judgment dismissing the action at law to declare an escheat of the property of the estate does not constitute a bar to this suit. The escheat proceeding was in the nature of an action at law based, doubtless, upon the assumption that the order of distribution made by the probate court was a nullity. The case at bar is a suit in equity based upon the claim that an order or decree of distribution has been obtained by fraud and hence such order or decree should be set aside and annulled.

■ A failure of a party to recover because he has mistaken his remedy does not preclude him from asserting his rights in a proper proceeding: *Huffman v. Knight,* 36 Or. 581 (60 P. 207), and other cases cited in note 69, section 1232, subject, Judgments, 34 C. J., p. 815.

■ Where the second action between the same parties is upon a different claim or demand, the judgment in the superior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In this relation, the words claim and demand are equivalent to cause of suit or action. A cause of suit consists of two factors: (1) The plaintiff's primary right and the defendant's corresponding primary duty; and (2) the delict or wrongful act or omission of the defendant by which the primary right and duty have been violated: Pomeroy's Remedies and Remedial Rights, § 519, cited in *Crow v. Abraham,* 86 Or. 99, 106 (167 P. 590).

The primary right of plaintiff was to have the record in the probate proceedings of the Whalen estate disclose the truth, namely, that the deceased left no heirs surviving him. In so far as appealing defendants

were called upon to act, it was their primary duty to make such a record. The delict or wrongful act or omission of appealing defendants, stated in the complaint herein, was the failure of Susan Brentano and her brother to make a record in said probate proceedings to the effect that deceased died without heirs; and the failure to file with the state treasurer any notice of the appraisement of said estate or a copy of the inventory or appraisal thereof or any schedule, list or statements containing the information, or any thereof mentioned in section 10-625, Oregon Code 1930.

This is not the same cause of action, or claim or demand, which is stated in the escheat case. The primary right of plaintiff asserted in the escheat case was to have possession and dominion as owner of the property belonging to deceased at his death and the primary duty of appealing defendants was to accord to plaintiff such possession and dominion of said property.

In a word, the question whether the order of distribution made by the probate court should be set aside and vacated could not be litigated in the escheat proceeding.

■ Where, as in the instant case, a court of law is without jurisdiction of the subject matter and the failure at law has arisen from the want of jurisdiction, the proceedings at law do not constitute a bar to a suit in equity: *Appleton v. Harwell,* 3 Tenn. Rep. (Cooke) 242; *Burchet v. Faulkner,* 31-32 Ky. Rep. (Dana) 100; *Blue v. Patterson,* 21 N. Carolina Rep. (Devereux & Battle's Eq.) 457; *Couchman's Heirs v. Slaughter,* 8-9 Ky. Rep. (A. K. Marshall) 388, and cases cited in note 19, § 1174, subject: Judgments, 34 C. J. p. 761.

Not only is there a different forum for the escheat proceeding, but it is based upon a different claim or cause of action from that involved in the instant case.

For this reason, the judgment in the escheat case constitutes res adjudicata only as to those matters actually litigated: *Cromwell v. County of Sac,* 94 U. S. 351, 353 (24 L. Ed. 195); *Applegate v. Dowell,* 15 Or. 513, 524 (16 P. 651); *White v. Ladd,* 41 Or. 324, 332 (68 P. 739, 93 Am. St. Rep. 732); *First Nat. Bank of Burns v. Buckland,* 130 Or. 364, 368, 369 (280 P. 331); *Norwood v. Eastern Oregon Land Co.,* 139 Or. 25, 34, 35 (5 P. (2d) 1057, 7 P. (2d) 996). The issue actually litigated in the escheat proceeding was whether the order of distribution was a bar until set aside by direct attack. The present case concedes that such is the effect of that order and seeks to have the same set aside. There is nothing in any of the orders or judgments in the escheat case to the effect that appealing defendants were not guilty of the fraud charged or that such fraud is not sufficient ground for setting aside said order of distribution.

■■ As stated, appealing defendants interpose the objection that plaintiff has been guilty of laches. By the weight of authority, the defense of laches is not available against the government, state or national, in a suit by it to enforce a public right or to protect a public interest: 21 C. J., Subject: Equity, page 217, section 216, and authorities cited in note 94. It cannot be gainsaid that by this suit the state seeks to enforce a public right and protect a public interest.

The decree of the circuit court is affirmed.

Campbell, C. J., and Belt and Rossman, JJ., concur.