Argued January 7, affirmed March 11, argued on rehearing
June 29, former opinion modified; reversed and
remanded September 10, 1964

## TODD ET AL *v.* BIGHAM ET AL

390 P. 2d 168
395 P. 2d 163

*William M. Sloan,* Grants Pass, argued the cause for appellants. On the briefs were Johnson, Telfer & Sloan.

*Ben Day,* Medford, argued the cause for respondents Eagle Point Irrigation District and its officers. With him on the brief was Richard W. Courtright.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

LUSK, J.

This is an appeal from an order dismissing, with prejudice, a proceeding commenced by the appellants (hereinafter referred to as petitioners) for the purpose of having judicially invalidated two orders and resolutions of the board of directors of Eagle Point Irrigation District, a municipal corporation within Jackson county, Oregon, and also dismissing appeals from such orders. The petitioners, Howard F. Todd, Ann Stone Todd, Paul D. Conrad, and Earl Wood, describe themselves as "freeholders, legal voters or assessment payers within the Eagle Point Irrigation District." The defendants (who are referred to in a pleading denominated "Petition in Appeal" as respondents-defendants) are the Irrigation District, its three directors and secretary-manager and "all freeholders, legal voters and assessment payers within or seeking to be included within the Eagle Point Irrigation District."

We will consider first the sufficiency of the appeals.

On November 16, 1962, the board of directors of the irrigation district entered an order including lands within the district. On November 19, 1962, the board entered an order certifying the levy of the 1963 district assessment roll as equalized by the board. Peti-

tioners appeared in both proceedings, as was their right, and objected to the entry of the orders. As to inclusion of lands, the applicable statutes are ORS 545.584, 545.586, 545.588, 545.592, and 545.594. As to the levy of the assessment, the applicable statutes are ORS 545.490 and 545.492.

ORS 545.594 provides for an appeal by an objector from the action of the board on a protest against the inclusion of lands. It reads:

"(1) Upon the allowance of the petition and in case no protest has been filed with the board within 30 days after entry of the order, a certified copy of the order of the board of directors making such change shall be filed for record in the office of the county recorder of each county in which are situated any lands of the district. The district as so changed and all lands therein shall be liable for all existing obligations and indebtedness of the organized district.

"(2) *From the action on a protest an appeal may be taken in the same manner as is provided in case of proceedings affecting the organization of a district.* If the protest is not made within 30 days and appeal taken to the circuit court from action on the protest within 30 days after final hearing, the order of inclusion shall be deemed lawful and conclusive against all persons and thereafter shall not be in any manner questioned in any proceedings." (Italics added.)

On December 14, 1962, the petitioners, by their attorneys, directed to and caused to be served on the directors and the secretary-manager of the district and "Day & Courtright, their Attorneys" a notice of appeal reading as follows:

"You will please take notice that an appeal is taken to the Circuit Court of the State of Oregon for Jackson County in those Matters and relating

to those Orders above specified, and that Petition in Appeal was filed with the Clerk of said Court on December 14, 1962."

The notice of appeal is entitled "In the Circuit Court of the State of Oregon for Jackson County," and the matters and orders referred to in the notice, namely, the orders challenged by the petitioners, are described in the caption.

On January 14, 1963, the defendants irrigation district and its officers filed a motion "by and through their attorney Ben Day of Day and Courtright" for an order "dismissing with prejudice the Petition in Appeal." A memorandum of authorities supporting the motion was filed therewith.

On the eleventh day of March, 1963, the court rendered a written opinion and entered its order of dismissal.

■ The circuit court grounded its dismissal of the appeal from the inclusion order, in part, upon the failure of the petitioners to file an undertaking for costs. The petitioners argue that the statute does not require an undertaking, citing *State v. Vincent et al,* 141 Or 107, 110, 16 P2d 636, where it is correctly stated that unless an undertaking is required by statute or valid rule of court it is not a necessary step in perfecting an appeal. It is to be observed that in *State v. Vincent* the state was the appellant and the case was governed by a statute expressly exempting the state from the requirement to give an undertaking on appeal.

■ Here the statute provides that an appeal may be taken from an inclusion order "in the same manner as is provided in case of proceedings affecting the organization of a district." ORS 545.594. An order of

the county court in such proceedings shall be "subject to an appeal to the circuit court within 10 days from the entry of the order." ORS 545.006 (2). The manner of taking such appeal, while not expressed, is, we think, necessarily implied. The order of the county court in proceedings affecting the organization of an irrigation district is made in the course of a judicial proceeding, *Smith et al. v. Hurlburt et al,* 108 Or 690, 701, 217 P 1093; *Fallbrook Irrigation District v. Bradley,* 164 US 112, 170-175, 17 S Ct 56, 41 L Ed 369; *Miller & Lux v. Board of Supervisors,* 189 Cal 254, 208 P 304; *Imperial Water Co. v. Supervisors,* 162 Cal 14, 120 P 780; *Re Harper Irriqation District,* 108 Or 598, 618, 216 P 1020. ORS 5.120 provides: "A party to a judicial proceeding in a county court may appeal from a decree or other final determinative order given therein." The manner of prosecuting such appeal—the necessary steps, including the filing of an undertaking—is then prescribed by reference to the statutes governing appeals from the justice's court. We think that the intention is clear that these requirements apply to an appeal from an order in an organization proceeding and, hence, to an appeal from an inclusion order.

■ Unlike the procedure on appeal to the Supreme Court from a judgment of the circuit court, both under the former practice, and since the enactment in 1959 of the new code of appellate procedure, ORS 19.005 to 19.190, the filing of an undertaking for costs on appeal from the justice's court to the circuit court, as prescribed by ORS 53.030, has always been considered jurisdictional. *Moltzner v. Cutler,* 154 Or 573, 61 P2d 93; *Nicholson v. Newton,* 71 Or 387, 142 P 614; *Gobbi v. Refrano,* 33 Or 26, 52 P 761; *Odell v. Got-*

*frey,* 13 Or 466, 11 P 190. Failure of the petitioners to comply with this requirement made dismissal of the appeal from the inclusion order mandatory.

For like reason, and an additional one, the appeal from the order levying the assessment was properly dismissed. ORS 545.490 authorizes the board of directors of an irrigation district to sit as a board of equalization and hear and determine objections of interested persons to the assessments and apportionments. ORS 545.492 provides that a person interested in or affected by an order of the board when so sitting may appeal to the circuit court from such order. Notice of appeal must be filed with the secretary of the irrigation district within five days from the date of the order appealed from and must be accompanied by a bond for costs. Neither of these conditions was complied with and the circuit court, therefore, never acquired jurisdiction of the appeal.

We next consider the court's ruling so far as it affects the so-called "Petition in Appeal." It is first to be observed that no such hybrid as a "Petition in Appeal" is known to the statute. Apparently the petitioners, being uncertain as to the proper way to proceed, have attempted to reach the circuit court by both routes, that is, by appeal and by an original proceeding under what is known as the Confirmatory Act, ORS 548.105–548.115. There can be no objection to a litigant taking such precautions, but obviously the two procedures cannot be combined into one, as petitioners have attempted to do, by making their so-called "Petition in Appeal" a part of their notice of appeal.

We are not, however, for that reason precluded from examining the record for the purpose of determining whether the petitioners have properly invoked

the jurisdiction of the court under the sections of the statute just referred to.

ORS 548.105 provides that the board "may by petition commence special proceedings in the circuit court of the county in which the office of the district is located for the purpose of having a judicial examination and judgment of the court as to the regularity and legality" of (inter alia) an order "including or excluding any lands in or from the district" (1) (d) or an order "levying any assessment, general or special" (1) (e). ORS 548.110 (1) provides that the proceedings shall be in the nature of a proceeding in rem and

"'* * * The jurisdiction of the irrigation district * * * and of all the freeholders, assessment payers and legal voters therein shall be obtained by publication of notice directed to the district, and to 'all freeholders, legal voters and assessment payers within the district,' without naming them individually. The notice shall be served on all parties in interest by publication for at least once a week for three successive weeks in some newspaper of general circulation published in the county where the proceeding is pending. Jurisdiction shall be complete within 10 days after full publication."

We quote in full ORS 548.115:

"(1) Any freeholder, legal voter or assessment payer within an irrigation district or drainage district may, within 30 days after the entry of any order or the performance of any act mentioned in ORS 548.105, for which a contest is by that section provided, may bring a like proceeding in the circuit court of the county where the lands embraced within such district, or the majority thereof, are situated, to determine the validity of such order

or act. In such proceedings the board of directors shall be made parties defendant.

"(2) Service of summons shall be made on the members of the board personally if within the county where the district, or any part thereof is situated. As to any directors not within the county, service may be had by publication of summons for a like time, and in like manner, as is provided by ORS 548.110. Service shall be deemed complete within 10 days from the date of personal service, or within 10 days from the date of completion of publication, as the case may be.

"(3) The proceedings shall be tried and determined in the same manner as proceedings brought by the irrigation district or drainage district itself.

"(4) No contest of any proceeding, matter or thing provided by ORS 548.105 to be had or done by the board of directors or supervisors or by the district, or by the county court, or by any freeholder, legal voter or assessment payer within the district, shall be had or maintained at any time or in any manner except as provided in ORS 548.105 to 548.115."

The so-called "Petition in Appeal" may properly be viewed as an attempted special proceeding under ORS 548.110–548.115. It seeks a judicial examination and judgment of the court as to the regularity and legality of the orders of the board of directors respecting the inclusion of lands within the district and the levying of the 1963 assessment. These are questions which may be determined in such a proceeding, ORS 548.105 (1) (d) and (e). The proceeding was brought within 30 days after the entry of such orders, as required by ORS 548.115. The circuit court held that the petition should be dismissed for two reasons: First, that this special proceeding is available only to one who seeks judicial confirmation of the action of the

board, not to one who attacks its action; and, second, that the court did not acquire jurisdiction of the subject matter because the requirement of publication of notice to all the freeholders and other interested persons was not complied with. We agree with the circuit court as to the second reason, but not as to the first.

Confirmation proceedings were first authorized by Oregon Laws 1911, ch 223, §§ 33-35. Section 34 provided that if such proceedings "shall not have been brought by the board of directors within thirty days after the entry of the order or performance of any acts in said Section 33 enumerated, and for which a contest is by said section provided, then any district assessment payer or other interested person may bring a like proceeding", etc. The statute, as it now reads, was originally enacted as Oregon Laws 1919, ch 390, which fixed a time limitation of 30 days within which an interested person might bring such a proceeding and this without regard to whether the board of directors had done so or not. The defendants argue that the title of the 1919 act supports their position. It reads: "Providing for a judgment of confirmation by the circuit court of the organization of irrigation districts and drainage districts and the subsequent proceedings of irrigation districts and drainage districts * * *." The words relied on are "providing for a judgment of confirmation." But no one would argue that the act does not apply even though in a particular case the judgment of the court should invalidate, rather than confirm, some challenged action of the board. The act clearly contemplates a contest and a judicial examination which may result unfavorably to the board, no matter who initiates the proceeding. Where it is brought by an assessment payer or other inter-

ested person, it is provided that the members of the board shall be made parties defendant, ORS 548.115, evidently, as we think, to assure the presence in the case of someone to defend the board's action.

██ We took our irrigation district act from California and the decisions of the courts of that state are highly persuasive in construing our act, *Twohy Bros. Co. v. Ochoco Irr. Dist. et al.*, 108 Or 1, 12, 210 P 873, 216 P 189; *Harney Valley Irr. Dist. v. Bolton*, 109 Or 486, 493, 221 P 171. The provisions for a confirmatory judgment in the existing California act (commonly known as the Bridgeford Act) may be found in General Laws of California, 1923, Part One, p 1471, Act 3854, §§ 68-72. In section 69, which provides for the bringing of a proceeding by an assessment payer, the California statute is more explicit than ours as to the purpose of making the board of directors parties defendant. Section 69 says: "Said board shall have the right to appear and contest such action." Having in mind the identical purpose to be accomplished by the statutes of both states, we think that the construction should be the same. The right of an assessment payer to contest the validity of an order of the board of directors under the California statute seems never to have been questioned. *Imperial Land Co. v. Imperial Irr. Dist.*, 173 Cal 660, 161 P 113; *Miller & Lux, Inc. v. Secara*, 193 Cal 755, 764, 227 P 171; *Miller & Lux v. Board of Supervisors*, supra, 189 Cal at 262. We think that ORS 548.115 affords a similar right.

On the other hand, the words in the title of the act, "providing for a judgment of confirmation," apply equally to a proceeding brought by an assessment payer or other interested person as to one brought by the board of directors and indicate that the object

of the act is the same in both cases. That object was stated in *Harney Valley Irr. Dist. v. Bolton,* supra, 109 Or at 491-492 (a proceeding brought by an irrigation district to secure a judicial determination of the legality of a bond issue):

> "The object of the confirmation proceeding is to require every owner of real property in the district to come into court and, within the time limited, to appear, present and submit to judicial investigation any and all objections he may have to the regularity of the election for bonding the district, so that it may be finally and conclusively determined by judgment whether he or his successors in interest can thereafter question the legality of such bonds: Modesto Irr. Dist. v. Tregea, 88 Cal. 334 (26 Pac. 237); 164 U.S. 179 (41 L. Ed. 395, 17 Sup. Ct. Rep. 52, see, also, Rose's U. S. Notes)."

■ When a confirmation proceeding is brought by a freeholder, assessment payer or legal voter pursuant to ORS 548.115, the object is no different and cannot be attained unless all interested persons are given notice and an opportunity to be heard. That section authorizes a "like" proceeding to one brought by the board of directors of the district and clearly intends that the procedure delineated in ORS 548.110, including the publication of notice to all interested parties, must be followed. Without such notice the court cannot proceed and settle the controversy, if there be one.

*Medford Irr. Dist. v. Hill,* 96 Or 649, 190 P 957, is cited by petitioners as opposed to this construction. The proceeding in that case was commenced by an irrigation district "to confirm the creation and organization of an irrigation district, and the election and proceedings authorizing the issue and sale of the bonds of said district  *  *  *." 96 Or at 651. Notice was

published to "all freeholders" etc., ORS 548.110, but the court found that the notice did not comply with the statute and was insufficient to give the court jurisdiction over all interested parties. Nevertheless, because the defendant Hill had appeared and answered in the cause it was held that this was "sufficient to give jurisdiction as between him and the board of directors," and the court, therefore, to avoid "unnecessary delay" proceeded to decide the question at issue as between Hill and the petitioners. 96 Or at 657. This decision has never been cited on the point with which we are now concerned and it is difficult to justify it. As the result of the court's treatment of the case it ceased to be a special proceeding under the statute and apparently became an ordinary piece of litigation maintained and decided under the circuit court's general jurisdiction. It was no longer a proceeding *in rem,* ORS 548.110, or one in which a judgment could be rendered binding upon "every owner of real property in the district," *Harney Valley Irr. Dist. v. Bolton,* supra. And all this was done despite the express prohibition of ORS 548.115 (4):

> "No contest of any proceeding, matter or thing provided by ORS 548.105 to be had or done by the board of directors or supervisors or by the district, or by the county court, or by any freeholder, legal voter or assessment payer within the district, shall be had or maintained at any time or in any manner except as provided in ORS 548.105 to 548.115."

■ As authority for the petitioner's position in the present case, *Medford Irr. Dist. v. Hill* proves too much. If it were to be followed it would establish the principle that neither an irrigation district nor a court is bound to respect the plain limitations of a

statute enacted in the exercise of the legislature's acknowledged power.

The petitioners contend that, even though under ordinary circumstances they might be required to publish the statutory notice, it was not necessary in this case because the motion to dismiss was filed not only on behalf of the named defendants, but also of all persons interested, and all, therefore, made a general appearance and submitted themselves to the jurisdiction of the court. This contention is based upon the fact that the motion was signed by "Ben Day Of Day and Courtright Attorneys for respondents defendants" and the latter included "all freeholders, legal voters and assessment payers within or seeking to be included within" the district. Counsel for the district and its officers assure us in their brief that they were not authorized to represent anyone else and that they so advised the circuit judge. Their brief in this court is signed as "Attorneys for respondent Eagle Point Irrigation District and its officers." To us it would seem rather extraordinary that the attorneys for an irrigation district should also be authorized to represent in litigation all the freeholders, legal voters and assessment payers within the district. We think that the record justifies this court in accepting their assurance that they had no such authority. The notice of appeal from the orders of the board, prepared and served by counsel for petitioners, and which refers to the "Petition in Appeal" was directed to "Elbert M. Bigham, Phillip Nevin and Stanley Straus, as Directors, and L. R. Silveira as Secretary-Manager, all of the Eagle Point Irrigation District, and to Day & Courtright, their Attorneys." The affidavit of service by mail filed by counsel for the petitioners likewise

showed their understanding that Day and Courtright were attorneys only for the irrigation district and its officers. We are of the opinion that Mr. Day inadvertently described his firm as attorneys for the "respondents defendants" when he had authority to appear only for the irrigation district and its officers.

■ Even though the petitioners' construction of ORS 548.115 were to be sanctioned, their right to proceed under this section could not be sustained. To do so would be tantamount to holding that they had a choice of remedies, either by appeal to the circuit court from the challenged orders or by an original proceeding under the Confirmatory Act. The express language of ORS 545.594 (2) does not admit of such a solution. It is there provided that if a "protest is not made within 30 days and appeal taken to the circuit court from action on the protest within 30 days after final hearing, *the order of inclusion shall be deemed lawful and conclusive against all persons and thereafter shall not be in any manner questioned in any proceedings.*" (Italics added.) There is no similar provision in the section granting a right of appeal from an order of the board levying an assessment. But we think that under settled rules of statutory construction it must be held that here, also, the remedy by appeal was intended to be exclusive.

■ The provisions of ORS 548.115 (4) and ORS 545.594 (2) are in irreconcilable conflict. In that state of affairs the court can but use its best judgment as to which should prevail. No valid reason occurs to us why, contrary to the ordinary legislative decision in such matters, it should be presumed that a person who has been granted a right of appeal has also been accorded an alternative method of proceeding for the

purpose of correcting a determination claimed to be erroneous. We are not persuaded that this was the legislative intent.

In view of these conclusions it is unnecessary to discuss the petitioners' motion for reconsideration filed in the circuit court after that court announced its decision and the denial of which is asserted to be erroneous.

The order of the circuit court is affirmed.

## ON REHEARING

*William M. Sloan,* Grants Pass, argued the cause for appellants.

*Ben Day,* Medford, argued the cause for respondents Eagle Point Irrigation District and its officers.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

LUSK, J.

A rehearing of this case was granted. Upon further consideration, we have concluded that in certain particulars our former opinion should be modified.

The Confirmation Act, ORS 548.105-548.115, which authorizes a special proceeding to secure a judicial determination of the validity of certain orders and acts—among others, an order of the district board including lands in the district and an order of the

board levying an assessment—provides in ORS 548.115 (4):

> "No contest of any proceeding, matter or thing provided by ORS 548.105 to be had or done by the board of directors or supervisors or by the district, or by the county court, or by any freeholder, legal voter or assessment payer within the district, shall be had or maintained at any time or in any manner except as provided in ORS 548.105 to 548.115."

As to the inclusion of lands, the statute provides for the publication of notice of the filing of the petition to all persons interested and the right to file objections and a hearing thereon, ORS 545.586 and 545.588. ORS 545.594 (2) reads:

> "From the action on a protest an appeal may be taken in the same manner as is provided in case of proceedings affecting the organization of a district. If the protest is not made within 30 days and appeal taken to the circuit court from action on the protest within 30 days after final hearing, the order of inclusion shall be deemed lawful and conclusive against all persons and thereafter shall not be in any manner questioned in any proceedings."

The plaintiffs filed objections to the proposed inclusion of lands and after these were overruled filed notice of appeal to the circuit court within 30 days, but failed to file an undertaking, a jurisdictional requirement. Their appeal was therefore dismissed, and, as we held, rightly so.

We found irreconcilable conflict between ORS 548.115 (4) and ORS 545.594 (2), each providing, as it does, an exclusive procedure for attacking an inclusion order. But since the latter section is concerned solely and specifically with such an order, we thought, and still think, that it should be given preference over

the former, or, to put it another way, that it must be construed as an exception to the restrictions of the former.

Plaintiffs argue that this construction renders the Confirmation Act of little consequence so far as that act relates to inclusion orders. For, it is said, the persons who would be concluded by the order of the district board under 545.594 (2) are the very persons who have the right to contest the validity of the inclusion order in a proceeding under the Confirmation Act, ORS 548.110 (2). Not only would such persons be barred from commencing such a proceeding, but they would not be permitted to contest such an order in a special proceeding commenced by the district board, or by any of the persons authorized by the statute to do so.

■ If such a dilution of the Confirmation Act is the necessary consequence of our decision, so be it. Courts go a long way at times to harmonize apparently conflicting statutory provisions, but they do not, or at least should not, rewrite statutes, even to accomplish what may appear to be a desirable result. That is the job of the legislature.

An accepted rule of statutory construction is that "* * * where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within * * * the particular provision. * * *" 50 Am Jur 371, Statutes § 367.

It is difficult to apply that rule here, for the general language of ORS 548.115 (4) is quite as specific, when

read with the other provisions of the Confirmation Act, in its reference to inclusion orders as is the general language of ORS 545.594 (2).

But a feature of the legislation that cannot escape attention is this: The orders and acts which may be judicially examined in a proceeding under the Confirmation Act are those relating to:

    (1)  the organization of the district,
    (2)  the issue and sale of bonds,
    (3)  the action or proceeding of the county court declaring the organization of the district,
    (4)  the inclusion or exclusion of lands,
    (5)  assessments,
    (6)  another provision regarding bonds, and
    (7)  a contract with the United States. ORS 548.105.

Appeals from certain orders are provided for, e.g., the order of the county court respecting the initial steps for organization of a district, ORS 545.006, and assessments, 545.492. But in the entire irrigation district statute the only provision giving conclusive effect to an unappealed order and prohibiting the questioning of such an order in any other proceeding is the one with which we are now dealing relating to the inclusion of lands. We cannot say that the legislature did not intend that this provision should be given effect.

■ Nothing in the legislative history gives aid to construction. The confirmation provisions and the inclusion provisions came into the law at the same time: Oregon Laws 1911, ch 223. The former in sections 29-35 of that act, the latter in sections 17-24. No significant change was made until 1919 when the confirmation provisions were removed by repeal from the

irrigation district law and reenacted as part of a separate statute, which applies to drainage districts as well as irrigation districts: Oregon Laws 1919, ch 390 (now ORS 548.105-548.115). A rule of statutory construction says that if a subsequent act is in irreconcilable conflict with the act under consideration the subsequent act must prevail: 2 Sutherland, Statutory Construction 539, § 5202. But since the obvious reason for the re-enactment was one of draftsmanship, that is, to avoid what was no doubt considered the incongruity of including a law pertaining to drainage districts in a comprehensive statute governing irrigation districts, the 1919 act can hardly be considered a "subsequent" act in the sense of that rule.

There is no controlling precedent in the decisions of this court. While all the states having irrigation-district laws have adopted confirmation acts similar to that of California,[①] from which we took our Act, none has a provision similar to ORS 545.594 (2). Hence, there are no cases on the question in any of the other Western States.

*Northern Pac. Ry. Co. v. J. Day Irr. Dist.,* 106 Or 140, 211 P 781, relied on by the plaintiffs, was, so far as pertinent here, a collateral attack upon an assessment claimed to be void as violative of provisions of the Federal and State Constitutions and because of alleged defects in the organization of the district. In addition to other reasons for refusing to sustain the plaintiffs' position, the court pointed out that the plaintiffs had failed either to appeal from the organ-

---

[①] See Handbook of the Irrigation District Laws of the Seventeen Western States of the United States (1920), by Will R. King, Chief Counsel, U. S. Reclamation Service and formerly Associate Justice of the Oregon Supreme Court, and E. W. Burr, District Counsel, U. S. Reclamation Service.

izational order, to test it by writ of review or by proceeding under the Confirmation Act, and likewise had failed to avail themselves of the remedy given by the Confirmation Act for testing the legality of the assessment. (At the time this case was decided, 1923, there was no statutory right of appeal from an assessment. Such an appeal was first provided for by Oregon Laws 1937, ch 132, § 6, now ORS 545.492.) The court had no occasion to, and did not in any way, pass upon, or even refer to, the construction of ORS 545.594 (2).

*Noble v. Yancey,* 116 Or 356, 241 P 335, 42 ALR 1178 (1925), was an original proceeding in mandamus in this court in which the question was presented whether the bonds of an irrigation district were general obligation bonds and, as incidental thereto, whether an assessment was valid. The court called attention to the provision of the Confirmation Act for contest of an assessment (the exclusive effect of which was argued by the intervenor in his brief) but left the matter there and went on to decide that the assessment was valid and the bonds general obligation bonds. The case is referred to in *Young et al v. Gard et al,* 129 Or 534, 277 P 1005, but the court there pointed out, in answering a contention that the only remedy of the plaintiff was under the Confirmation Act, that the contest was not one which came within the purview of that act.

On the argument counsel for the plaintiffs called attention to the word "thereafter" in the clause of ORS 545.594 (2), which reads:

"* * * the order of inclusion shall be deemed lawful and conclusive against all persons and *thereafter* shall not be in any manner questioned in any proceedings." (Italics added.)

It is contended that the reference is to 30 days after the making of the inclusion order and, as the plaintiffs commenced their special proceeding within such period of 30 days, the prohibition of the section does not apply to them. The suggested construction is inadmissible because the plantiffs were "questioning" the inclusion order by their proceeding under the Confirmation Act after the lapse of the 30-day period and are still questioning it.

We adhere to the construction of ORS 545.594 (2) heretofore announced. But one matter adverted to by counsel for the defendants on the rehearing remains to be noticed. It was argued, in answer to the plaintiffs' contention that our decision impaired the efficacy of the Confirmation Act, that relief under that act would still be available to dissidents where objection to the inclusion order was based on jurisdictional grounds. This, of course, is true in any case where there is failure to comply with some statutory requirement—whether of notice or otherwise—which could not have been constitutionally omitted by the legislature. See *Imperial Land Co. v. Imperial Irr. Dist.*, 173 Cal 660, 161 P 113; *Argyle et al. v. Bonneville Irr. Dist. et al.*, 74 Utah 480, 280 P 722; *Scilley v. Red Lodge-Rosebud Irr. Dist.*, 83 Mont 282, 272 P 543; 94 CJS 288, Waters § 319(5). Cf. *Hughes v. Aetna Casualty Co.*, 234 Or 426, 447-452, 383 P2d 55; *Elliott v. Clement*, 175 Or 44, 149 P2d 985, 151 P2d 739. Indeed, as the irrigation district cases above cited illustrate, a party asserting such a defect which resulted in a violation of his constitutional rights would not be limited to a proceeding under the Confirmation Act, but could challenge the alleged invalid action by any appropriate proceeding in a court of general jurisdiction. It is possible—though we express no opinion on the sub-

ject—that one or more of the numerous objections to the inclusion order set forth in the plaintiffs' petition have a jurisdictional basis of this sort. If so, the plaintiffs are entitled to proceed with their action and have such questions adjudicated whether the proceeding be regarded as brought under the Confirmation Act or otherwise.

As to the assessment order, we have concluded upon reconsideration that we erred in holding that plaintiffs' exclusive remedy was by appeal. In fact, the arguments of counsel on both sides have engendered doubt in our minds as to whether an appeal was available to them at all, since the assessment challenged was not against their own lands, but the lands of others. Be that as it may, the statute giving the right of appeal does not provide in terms that appeal shall be an exclusive remedy, as does the statute regarding inclusion orders; and we think that it will do no violence to the intention of the legislature to hold that remedy is open to one complaining of an assessment to attack the order either by appeal or by a proceeding under the Confirmation Act. To so hold would be a proper application of the well-established rule that it is the duty of courts to harmonize, if possible, apparently inconsistent provisions of the same statute: *State ex rel. Appling v. Chase,* 224 Or 112, 117, 355 P2d 631.

After the order of dismissal was entered by the circuit court, the plaintiffs moved the court to open up the case and authorize publication of notice of the pendency of the proceeding in accordance with the provisions of the Confirmation Act. The motion was denied. Under the lower court's view that the Confirmation Act did not authorize a property owner to *contest* an order of the district board the court could

not very well have ruled otherwise. But, as we held in our former opinion, this is an erroneous construction of the statute; and since, at least as far as the attack on the assessment is concerned, there are matters alleged in the petition which are sufficient to give the court jurisdiction of the cause, we think the motion should have been allowed. It is now argued, however, by counsel for the defendants that it is too late to publish notice. Reliance is placed upon ORS 12.030 which requires that in an action publication of summons shall be commenced within 60 days after delivery of summons to the sheriff. This section has nothing to do with the Confirmation Act, which provides for a special proceeding and contains within itself the procedural requirements governing the court and the parties. There is no limitation of time expressed in the statute (ORS 548.110) for the commencement of publication of notice to interested parties. The section cited was authoritatively construed in *Harney Valley Irr. Dist. v. Bolton,* 109 Or 486, 492, 221 P 171, where the court said:

> "In the original act it was specially provided, as is seen by the section of the statute hereinafter quoted, that the court shall fix a time for the hearing of the petition and shall order the clerk of the court to give and publish a notice of the filing of such pleading. Notwithstanding this particular provision has been omitted from the act of 1919, a careful examination of the act will disclose that there is no intention to change the manner of acquiring jurisdiction. The judge of the court fixes the time of the hearing, based upon a petition duly filed. While some of the language of Section 30, Chapter 223, Laws of 1911, relating to the details of the notice, has been omitted by the revision of that section appearing in Chapter 390, Laws of 1919, it is the intention of the Confirmation Act that the

notice of the proceedings should be given by direction of the judge of the circuit court, who shall fix the time and place of the hearing, and that such notice should be signed by the clerk of the court. This has been the practical construction placed upon the amended section throughout the state."

Plaintiffs' motion was conformable to the foregoing.

■ Our former opinion is modified in the particulars above indicated and the decree of the circuit court is reversed and the cause remanded for further proceedings. Upon the remand, if the plaintiffs still desire to press the motion just referred to, it should be allowed. No effective decree could be entered in this case without bringing in as parties numerous persons whose lands have been included in the district upon their petition and have been assessed without any objection on their part. It is clear that they have rights which are vitally affected by this litigation and they should be before the court so that they may have the opportunity to be heard.

■■ On the day of the reargument the defendants filed a motion to dismiss the appeal on the ground that the notice of appeal was not served on adverse parties, to wit, 81 owners of land who petitioned the board of directors for inclusion of their lands in the district. It is sufficient to say of this motion that these landowners were not adverse parties within the meaning of ORS 19.023 (2), cited by the defendants. That section requires the notice of appeal "* * * to be served on such adverse party or parties *as have appeared* in the action, suit or proceeding * * *." (Italics added.) None of the landowners referred to have so appeared and the motion is, therefore, denied.

Reversed.