Argued June 9, reversed and remanded August 23, petition for rehearing allowed November 7, argued on rehearing December 4, former opinion withdrawn; affirmed December 20, 1967, petition for rehearing denied January 16, 1968

## LUNDQUIST, *Respondent, v.* WEST, *Appellant.*

430 P. 2d 1013
435 P. 2d 309

*Richard C. Bemis,* Portland, argued the cause for appellant. With him on the briefs were Seitz, Whipple & Bemis, Portland.

*James K. Buell,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell & Phillips and David N. Hobson, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and HOLMAN, Justices.

GOODWIN, J.

Plaintiff recovered a judgment for damages suffered in an intersection collision, and the defendant appeals. The same litigation has been in this court before. *Lundquist v. Irvine,* 243 Or 274, 413 P2d 416 (1966).

The defendant's principal assignment of error attacks an instruction that the defendant was guilty of negligence as a matter of law in failing to signal her intent to turn her automobile into the path of the plaintiff's automobile and that such "negligence was a proximate cause of the collision."

The defendant admitted that she had not made a turn signal. The collision occurred at a five-point intersection. All traffic entering the intersection from the street upon which the defendant was driving had to make either a 45-degree turn to the right or a 45-degree turn to the left. Those vehicles turning toward their right would not interfere with traffic proceeding through the intersection from other directions, but those turning toward their left would have to move across traffic lanes that might be occupied by other vehicles. In the circumstances, a left turn was a movement of the type for which a signal was mandatory. ORS 483.126. The collision was of the kind that a proper signal would have been likely to avert. There

was, therefore, no error in the instruction that the failure to signal was negligence as a matter of law.

■ Taking the question of causation from the jury, however, was for the trial court a closer question. In some cases, where only one act of a defendant can be identified, its causal relation to the harm may be clear, and the jury need consider only the question of negligence. Thus, if A shoots B with a rifle, and the jury finds that he did so negligently, the cause of the harm is obvious, and there would be no error in taking from the jury the question of causation. But ordinarily, if reasonable persons could disagree about the cause of a particular harm, the question is for the trier of fact. *Babler Bros. v. P. I. E. Co.*, 244 Or 459, 415 P2d 735 (1966).

In the case at bar, a number of acts of each of the two drivers had been alleged to have been negligent, and one or more of these acts may or may not have contributed to the cause of the collision. These issues were made by the pleadings, and there was evidence in the record to support the allegations that were submitted.

In telling the jury that the defendant's failure to signal was both negligent and causative as a matter of law, the trial court ruled out the possibility that the collision might have occurred whether or not the defendant had made a proper signal. Before making such a ruling, a trial court ought to be very certain that it is not usurping a function of the jury.

■ The plaintiff swore that if the defendant had signaled her intention to turn the plaintiff would have seen the signal, and would have been prepared for her maneuver. But the question of the plaintiff's own negligence with reference to speed, lookout, and control

was also in the case. While the failure to signal may have been at least one cause of the collision, the court should not have taken from the jury the right to find otherwise. In so ruling, the trial court was holding as a matter of law that reasonable persons could not draw any other inference than the one the court was drawing. Since there was some conflict in the testimony concerning the conduct of the respective drivers, the drawing of inferences about the cause of the collision should have been left to the jury.

Reversed and remanded.

**ON REHEARING**

*Richard C. Bemis,* Portland, argued the cause for appellant. With him on the briefs were Seitz, Whipple, Bemis & Breathouwer, Portland.

*James K. Buell,* Portland, argued the cause for respondent. With him on the briefs were David N. Hobson and Phillips, Coughlin, Buell & Phillips, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

On rehearing, plaintiff challenged the jurisdiction of this court to consider the question upon which we reversed the judgment below. Reconsidering the matter, we conclude that the question was not properly before the court and that the opinion should be withdrawn and the judgment affirmed.

The alleged error upon which we reversed the judgment was an instruction that the defendant was negligent as a matter of law and that such negligence was a proximate cause of the accident. A majority of the department hearing the appeal was of the opinion that there was a jury question on the issue of causation, and we reversed.

We considered the assignment of error even though no exception to the instruction appeared in the record. We did so because of the ambiguity in the plaintiff's

request for the instruction. We quote from the transcript:

"* * * Our next motion, your honor, is to instruct the jury * * * [in the terms mentioned above].

"The Court: That instruction will be given."

■ Under ORS 17.510 it is not necessary to note an exception to a ruling on a motion in order to preserve the error on appeal. The statute does require an exception to an instruction, and provides that the exception must point out to the trial court the asserted error in the instruction. One reason for this requirement is that an instruction may contain an unintentional error which can be corrected before the jury retires to deliberate. Upon further consideration of the record in the context of the setting at the time the so-called motion was made, we are now satisfied that the "motion" was not truly a motion within the meaning of ORS 17.510, but was merely a request for an instruction. When the court, the next day, gave the instruction, if the defendant then considered it to be in error, it was the duty of the defendant at that time to call the error to the court's attention so that it could be corrected. This procedure was not followed.

Former opinion withdrawn; judgment affirmed.