Argued December 16, 1977, affirmed February 7, reconsideration denied March 15, petition for review denied June 27, 1978

STATE OF OREGON, *Respondent,*

*v.*

WILLIAM DAVID TORREY, *Appellant.*

(No. 76-15940, CA 8957)

574 P2d 1138

Gary K. Jensen, P. C., Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant appeals his conviction following a jury trial for the crime of driving while under the influence of intoxicants, ORS 487.540, which provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; or

"(c) He is under the influence of intoxicating liquor and a dangerous drug or narcotic drug.

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction."

The state's principal evidence at trial was a breathalyzer reading of .22 percent blood-alcohol. Defendant assigns as error the court's instructions with respect to his blood-alcohol content, and the admission of evidence of his prior conviction for the purpose of enhancing the penalty for the crime.

■■■■  Defendant first contends that the court erred in instructing the jury as follows:

"The law further provides that if you find that the amount of alcohol by weight in Defendant's blood at the time of driving as shown by chemical analysis of the Defendant's breath was .10 percent or more, the Defendant is guilty of the crime of driving under the influence * * *."

He maintains that in so instructing, the court invaded the province of the jury by creating a conclusive presumption of guilt precluding the jury from considering evidence indicating that his driving was not in fact impaired due to his consumption of alcohol. Defendant bases his argument on the terms of ORS 487.545 which provide:

[ 441 ]

"(1) At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, if the amount of alcohol in the person's blood at the time alleged is less than .10 percent by weight of alcohol as shown by chemical analysis of the person's breath, blood, urine or saliva, it is indirect evidence that may be used to determine whether or not he was then under the influence of intoxicants.

"(2) Not less than .10 percent by weight of alcohol in a person's blood constitutes being under the influence of intoxicating liquor.

"(3) Percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred cubic centimeters of blood.

"(4) *Nothing in this section is intended to limit the introduction of any competent evidence bearing upon the question of whether or not a person was under the influence of intoxicants.*" (Emphasis supplied.)

Defendant requested that the court instruct the jury in the terms of subsection (4) of ORS 487.545 and the court refused. We construe ORS 487.540 and 487.545 as indicating that a finding of .10 percent blood-alcohol constitutes a violation of the statute. Evidence is admissible to show that the chemical analysis of the defendant's blood was inaccurate. Here no such evidence was offered by the defendant and therefore the trial court was correct in its instructions.

Prior to the 1975 revisions to the Oregon Vehicle Code,[1] driving while under the influence of intoxicants was punishable as two separate offenses: driving under the influence of intoxicating liquor or drugs, former ORS 483.992(2),[2] and driving with a blood-

---

[1] Oregon Laws 1975, ch 451.

[2] Former ORS 483.992(2) provides:

"(2) Any person who, while being under the influence of intoxicating liquor, dangerous drugs or narcotic drugs, drives any vehicle upon any highway, street or thoroughfare within this state, shall be punished, upon conviction, by imprisonment in the county or municipal jail for not more than one year, or by fine of not more than $1,000, or both."

alcohol content of .15 percent, former ORS 483.999(1).[3] Under the latter statute, the mere fact of driving with a blood alcohol content of .15 percent was a violation of the statute, regardless of whether or not the individual was driving "while under the influence." A defendant charged under former ORS 483.999(1) could defend against the charge by presenting evidence that the breathalyzer results were inaccurate. *See State v. Michener,* 25 Or App 523, 550 P2d 449, *rev den* (1976).

Former ORS 483.642, the predecessor to ORS 487.545, provided:

"(1) At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's breath, blood, urine or saliva shall give rise to the following presumptions:

"(a) Not more than .05 percent by weight of alcohol in his blood, supports a disputable presumption that he was not then under the influence of intoxicating liquor.

"(b) More than .05 percent but less than .10 percent by weight of alcohol in his blood, is indirect evidence that may be used to determine whether or not he was then under the influence of intoxicating liquor.

"(c) Not less than .10 percent by weight of alcohol in his blood, supports a disputable presumption that he was then under the influence of intoxicating liquor.

"(2) Percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred cubic centimeters of blood.

---

[3]Former ORS 483.999(1) provides:

"(1) Any person who drives any vehicle upon any highway of this state when that person has .15 percent or more by weight of alcohol in his blood as shown by chemical analysis of the person's breath, blood, urine or saliva made pursuant to ORS 483.634 to 483.646 shall be punished, upon conviction, by imprisonment in the county or municipal jail for not less than six days and not more than one year and, at the discretion of the court, by a fine of not more than $2,000. However, when the person has had no prior conviction under this section within five years of the date of violation, he shall be punished upon conviction by either such imprisonment or such fine or both, or, at the direction of the court, by such imprisonment or participation in an appropriate rehabilitation program or both."

"(3) *Nothing in this section is intended to limit the introduction of any competent evidence bearing upon the question of whether or not a person has been under the influence of intoxicating liquor.*" (Emphasis supplied.)

It is apparent from the language of that statute and the statutory scheme prior to 1975 that the only criminal action to which ORS 483.642 applied was a prosecution under former ORS 483.992(2) wherein the state was relying upon a breathalyzer reading of less than .15 percent to convict the defendant of driving under the influence of intoxicating liquor. The phrase "under the influence" appears only in former ORS 483.992(2) and would not pertain to a prosecution under former ORS 483.999(1) because driving under the influence was not an element of the crime.

The 1975 revisions to the Vehicle Code repealed all three statutes: former ORS 483.642, 483.992 and 483.999. What were formerly two separate offenses under ORS 483.992(2) and 483.999(1) were consolidated into alternative ways of committing the new offense or infraction of driving while under the influence of intoxicants, ORS 487.540. Proposed Oregon Vehicle Code, 68, 69, Commentary § 87 (1975). In addition, the level of blood-alcohol constituting the offense or infraction was lowered from .15 percent to .10 percent. Although the language of ORS 487.540 and 487.545 differs slightly from their predecessors, former ORS 483.642, 483.992 and 483.999, the legislative history indicates an intent to retain the same evidentiary rules. *See* Proposed Oregon Vehicle Code 69, Commentary § 88 (1975).

■ Subsection (4) of ORS 487.545 on its face is ambiguous. It states:

"(4) Nothing in this section is intended to limit the introduction of any competent evidence bearing upon the question of whether or not a person was *under the influence of intoxicants.*" (Emphasis supplied.)

The phrase "under the influence of intoxicants" is merely the title of the offense described in ORS

[ 444 ]

487.540(1). The elements of the offense are set forth in the alternative in paragraphs (a), (b) and (c) of ORS 487.540(1). Under paragraph (b), the elements are driving "under the influence of intoxicating liquor, a dangerous drug or narcotic drug." Under alternative paragraph (c), the elements are "under the influence of intoxicating liquor and a dangerous drug or narcotic drug." Neither paragraph uses the term "intoxicants." Under paragraph (a), the only element is that the driver have ".10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva * * *." The only conclusion that we can draw is that subsection (4) of ORS 487.545 was intended to permit the introduction of competent evidence relevant to that paragraph under which the defendant is being tried. Otherwise, ORS 487.545 would be internally inconsistent. Defendant contends that he can introduce, and that the jury should consider, evidence that he was not under the influence of intoxicating liquor to refute a charge under paragraph (a) of ORS 487.540(1). This would not only render that paragraph meaningless, but is directly contrary to subsection (2) of ORS 487.545, which provides:

> "(2) Not less than .10 percent by weight of alcohol in a person's blood *constitutes* being under the influence of intoxicating liquor." (Emphasis supplied.)[4]

■ Here, defendant was charged by citation generally with "driving while under the influence of intoxicants." At trial, the state introduced evidence relevant to prove the commission of the offense alternatively under paragraph (a) or (b)—i.e. evidence of a breathalyzer reading of .22 percent blood-alcohol and evidence that defendant's driving at the time of his

---

[4] Subsection (4) of ORS 487.545 was repealed by the 1977 legislature, Oregon Laws 1977, ch 882, § 54. The legislative history indicates that subsection (4) was repealed because it was being interpreted by some trial courts to permit a person to show he was not under the influence of alcohol as a defense where the only evidence was a blood-alcohol reading, and that such an interpretation was contrary to the legislative intent. *See* Minutes, House Judiciary Committee, April 21, 1977, p. 6.

arrest was impaired. Under the circumstances, defendant was entitled to introduce any competent evidence relevant to refute the evidence offered by the state under either paragraph (a) or (b). However, because defendant was entitled to introduce evidence under both paragraphs does not invalidate the instruction. The jury was in effect merely instructed that if they find the elements specified in paragraph (a) of ORS 487.540(1), then defendant is guilty of the offense of driving "under the influence of intoxicants" and they need not consider evidence relevant to paragraph (b) elements.

■■ Defendant also assigns as error the court's instruction to the jury that if they found his blood-alcohol content was at a certain level when measured a reasonable time after his arrest, they could infer that the level was not lower at the time of defendant's arrest. *See State v. Kohlasch,* 11 Or App 459, 502 P2d 1158 (1972). On appeal, defendant maintains that such instruction was error because it improperly shifted the burden of proof on the element of blood-alcohol content to the defendant. We do not reach this issue because defendant's exception to the instruction at trial did not raise the issue and was in fact merely a general objection.[5] An exception to an instruction must point out the asserted error to the court, or it will not be considered on appeal. *Lundquist v. West,* 248 Or 494, 499, 430 P2d 1013, 435 P2d 309 (1968); ORS 17.510.

---

[5]Defendant's Assignment of Error No. Two provides:

"The trial court erred in instructing the jury as follows:

" 'If you find from the evidence that the chemical analysis of the Defendant's breath obtained within a reasonable time after his arrest shows that the blood-alcohol content was at a certain level, you may infer that the Defendant's blood-alcohol content was not less than at the time of arrest.

"MR. JENSEN: 'I also except to what is known as the *Kohlasch* instruction inferring that the man's breathalyzer test results at a time subsequent to the arrest they may infer it to be the same as the time of the arrest * * *.'

"THE COURT: 'So that its wide enough, I assume your exception is intended to include all the under the influence or .10 that came up about three times.' "

Defendant also assigns as error the admission of evidence of a prior conviction for the purpose of elevating the charge against him from a traffic infraction to a Class A misdemeanor under ORS 484.365[6] and 484.380.[7] Defendant maintains that the challenged evidence, exhibits consisting of the front and back of two uniform traffic citations, was inadmissible to prove a prior conviction because: (1) there is nothing to tie the back of the citation, containing the court dispositions, to the front; (2) one of the exhibits does not contain the record of a conviction; and (3) neither offense charged on the citations is a "statutory counterpart" of the present offense of driving under the influence of intoxicants in ORS 487.540.

■ Defendant's first argument is without merit. The

[6]ORS 484.365 provides:

"(1) Any offense that would otherwise be punishable as a Class A traffic infraction shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of any class A traffic infraction or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction or dismissal was not part of the same transaction as the present offense.

"(2) In applying subsection (1) of this section, any conviction of a Class A infraction or a traffic crime as described in subsections (3) and (4) of this section, or a conviction before June 27, 1975, of any of the statutory counterparts of these offenses which occurred within the immediate five-year period before the commission of the present offense, shall be included whether the previous conviction occurred before or after June 27, 1975.

"(3) As used in this section, 'Class A traffic infraction' includes:

"(a) Driving while under the influence of intoxicants.

"(b) Failure to perform the duties of a driver involved in an accident or collision which results only in damage to the property of another.

"(4) As used in this section, 'traffic crime' includes:

"(a) Reckless driving.

"(b) Driving a motor vehicle while suspended or revoked.

"(c) Failure to perform the duties of a driver involved in an accident or collision which results in injury or death to any person.

"(d) Fleeing or attempting to elude a police officer."

[7]ORS 484.380 provides in pertinent part:

"(1) In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and prove the previous conviction unless the defendant stipulates to that fact prior to trial.* * *

"* * * * *"

[ 447 ]

challenged exhibits, State's Exhibits 5A and 5B, consist of the front and back of two uniform traffic citations charging defendant with driving under the influence of intoxicating liquor and driving with a blood-alcohol level of .15 percent, respectively, arising out of the same driving episode on July 9, 1975. The front and back of each are reproduced on separate pages. Each page is certified as a true copy by the Clerk of the Eugene Municipal Court. While the second page of each exhibit, showing the court disposition, does not bear defendant's name, it does bear the citation number which corresponds to that appearing on the front page of the same exhibit. This certification is sufficient to tie the back of the citation to the front.

■ As the state acknowledges, the second page of Exhibit 5A indicates that the charge on that citation was dismissed. It was not the record of a prior conviction and was thus irrelevant. It is undisputed that defendant was previously convicted of driving with a blood-alcohol content of .15 percent, former ORS 483.999(1). The fact that charges of driving under the influence of intoxicating liquor, former ORS 483.992(2), arising out of the same driving episode were dismissed could not have had any prejudicial effect on the jury's determination. Furthermore, it was undisputed that defendant's blood-alcohol content in this case was .22 percent. The error in admitting evidence of a previous dismissal was harmless.

■ Finally, Exhibit 5B was admissible to show a prior conviction for a "statutory counterpart" of a traffic infraction or traffic crime under ORS 484.365. Defendant urges that a "close reading" of the statute reveals that a prior conviction occurring on July 9, 1975, for driving with a blood-alcohol content of .15 percent does not fall within the statute. We disagree. ORS 484.365(2) provides:

"(2) In applying subsection (1) of this section, any conviction of a Class A infraction or a traffic crime as

[ 448 ]

described in subsections (3) and (4) of this section, *or a conviction before June 27, 1975, of any of the statutory counterparts* of these offenses which occurred within the immediate five-year period before the commission of the present offense, *shall be included whether the previous conviction occurred before or after June 27, 1975."* (Emphasis supplied.)

As discussed above, the charge of driving with a blood-alcohol level of .15 percent under former ORS 483.999(1) is a statutory counterpart of the Class A traffic infraction of driving under the influence of intoxicants under ORS 487.540. Furthermore, the fact that defendant's conviction for this charge occurred on July 9, 1975, does not take the conviction out of the statute. To give effect to this section of the statute, the apparent inconsistency between the underscored references to the date of June 27, 1975 must be resolved by construing the latter reference as controlling. *See Todd v. Bigham,* 238 Or 374, 390 P2d 168, 395 P2d 163 (1964). Evidence of defendant's conviction on July 9, 1975 was properly admitted to raise the charge from a traffic infraction to a Class A misdemeanor under ORS 484.365.

Affirmed.