Argued November 17, 1977, reversed and remanded February 21, reconsideration denied March 29, petition for review denied June 13, 1978, 282 Or 537

STATE OF OREGON, *Appellant,*
*v.*
FREDERICK A. COLEMAN, *Respondent.*
(No. F 67819, CA 8974)

574 P2d 1147

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Michael T. Muniz, Certified Law Student, Portland, argued the cause for respondent. On the brief were Charles J. Merten and Merten & Saltveit, Portland.

Before Schwab, Chief Judge, and Lee and Buttler, Judges.

LEE, J.

**LEE, J.**

The state appeals the district court ruling that defendant's prior conviction under former ORS 483.999 for driving with .15 percent or more by weight of alcohol in his blood is not relevant to defendant's present prosecution for driving while "under the influence of intoxicants" in violation of ORS 487.540 because the former is not one of the traffic offenses listed in ORS 484.365[1] which converts a second offense to a Class A misdemeanor. When the state refused to try defendant for *only* a traffic infraction the court dismissed the case. The state appeals pursuant to ORS 138.060.

---

[1]ORS 484.365 provides:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

"(2) In applying subsection (1) of this section, any conviction of a Class A infraction or a traffic crime as described in subsections (3) and (4) of this section, or a conviction before July 1, 1976, of any of the statutory counterparts of these offenses which occurred within the immediate five-year period before the commission of the present offense, shall be included whether the previous conviction occurred before or after July 1, 1976.

"(3) As used in this section, 'Class A traffic infraction' means:

"(a) Driving while under the influence of intoxicants.

"(b) Failure to perform the duties of a driver involved in an accident or collision which results only in damage to the property of another.

"(4) As used in this section, 'traffic crime' means:

"(a) Reckless drving.

"(b) Driving a motor vehicle while suspended or revoked.

"(c) Failure to perform the duties of a driver involved in an accident or collision which results in injury or death to any person.

"(d) Fleeing or attempting to elude a police officer.

"(5) A certification by the Motor Vehicles Division that the defendant has been convicted of a Class A traffic infraction or a traffic crime shall be prima facie evidence of a conviction for purposes of subsection (1) of this section. The certificate shall state the charge, the date of conviction and the court in which the conviction occurred."

[ 629 ]

The question is whether former ORS 483.999 has a *statutory counterpart* within ORS 484.365 so as to convert an "infraction" to a "Class A misdemeanor." The second offense statute, ORS 484.365(3), states that a defendant who is charged with a Class A traffic infraction may be prosecuted and punished for a Class A misdemeanor if he has a prior conviction of driving under the influence of intoxicants, *inter alia.* ORS 487.540(1)(a) and (b) provides in pertinent part:

> "(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:
>
> "(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or
>
> "(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug * * *."

As we stated in *State v. Torrey,* 32 Or App 439, 574 P2d 1138 (1978),

> "* * * the charge of driving with a blood-alcohol level of .15 percent under former ORS 483.999 (1) is a statutory counterpart of the Class A traffic infraction of driving under the influence of intoxicants under ORS 487.540." (32 Or App at 449.)

Since former ORS 483.999 is a counterpart of the current driving-under-the-influence-of-intoxicants statute, ORS 487.540, which offense is specified in ORS 484.365(3)(a), the conviction under former ORS 483.999 was relevant.

Reversed and remanded.