Argued and submitted January 30, affirmed May 11, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK COLLINS DAVIS,
*Appellant.*
(No. 10-79-08472, CA 17451)

627 P2d 884

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Defendant appeals his conviction for unauthorized use of a motor vehicle (ORS 164.135). It was the defendant's theory of defense that he had entered into an agreement with the complaining witness to purchase the vehicle in question and that, therefore, his use of the vehicle was authorized.

On appeal defendant assigns as error, first, the trial court's failure to grant his motion for a mistrial made during the state's opening statement and, second, the giving of a jury instruction on "weaker or less satisfactory evidence."

During his opening statement the prosecutor commented that at the time of his arrest the vehicle allegedly taken by the defendant was being operated by one Mark Severson because defendant's operator's license had been suspended. The state contended that the fact was relevant to explain why the defendant, who was the only person charged with the crime, was not operating the vehicle at the time of his arrest. The motion for mistrial was denied with leave to renew, but it was not renewed. Defendant took the stand in his own defense and on direct examination was asked by his own counsel:

"Q  Did you ever drive that Dodge?

"A  No, I didn't.

"Q  Why didn't you drive it yourself?

"A  I have a suspended license.

" * * * * *

"Q  Why did you wait until Wednesday night to call up and have a key made?

"A  Well—well, Mark Severson, you see, he was living in this other apartment, and he got kicked out, and he was going to—well, staying with us off and on, you know, sometimes. And he has a license. So whenever he'd come over, or whenever he would come over, I was just going to have him drive the car."

Assuming the prosecutor's comment was not proper, the defendant cannot claim that he was prejudiced when, as part of his own defense, he produced testimony on the same subject.

■ The defendant's second assignment of error challenges the propriety of the court's giving the following instruction on "weaker or less satisfactory" evidence:

" * * * [I]n evaluating evidence you may consider the power of each side to produce evidence. If weaker or less satisfactory evidence is offered by either party when it appears to you that stronger or more satisfactory evidence is within the power of a party to produce then the evidence offered should be viewed with distrust."

The defendant made the following exception:

"Yes, Your Honor, as we discussed in chambers, I would except to the Court's giving the less satisfactory evidence instruction."

The record does not contain the in chambers colloquy. On appeal the defendant contends that the instruction was improper as violative of defendant's due process rights under both the United States and Oregon Constitutions and that it "confused the jury and amounted to either a comment on the evidence or a shifting of the burden of proof."

The exception taken on the record was general and did not specify the particular in which the defendant claimed that the instruction was erroneous, and for that reason we refuse to consider it. *State v. Torrey,* 32 Or App 439, 446, 574 P2d 1138 (1978); ORCP 59H; *See* ORS 136.330(2).

Affirmed.